UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**PATRICIA DRAKE HIPPLE,**
ET AL.,

   Plaintiffs,

v.                                              No. 4:24-cv-0825-P

**BRITTANY NICOLE
RICHARDSON, ET AL.,**

   Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Paul Logistics, Inc.'s ("Paul Logistics") Motion to Dismiss for lack of personal jurisdiction and failure to state a claim. ECF No. 54. Having considered the Motion, briefs, and applicable law, the Court will **GRANT** the Motion.

## BACKGROUND

This lawsuit results from a motor-vehicle collision that occurred on or about November 12, 2022. Defendant Brittany Richardson ("Richardson"), driving a Kenworth truck pulling a Great Dane Trailer, moved across the southbound lanes of U.S. Highway 81 to wait for traffic to clear so that she could enter the northbound lanes. The trailer was across the inside lane of southbound U.S. 81. Decedent Jerry Hipple ("Decedent") was traveling south on in that same lane. The left side of his vehicle struck the left rear corner of Richardson's trailer, sending Decedent and his vehicle across the northbound lanes of U.S. 81 and into a ditch. As a result of the collision, Decedent suffered severe personal physical injuries and lost his life the next day. Plaintiffs brought wrongful death and survival claims against Defendants Richardson, Paul Transportation, Inc., NCI Group, Inc., Boskurt Transport, Inc., and Paul Logistics, Inc. in this Court. Defendant Paul Logistics moved to

dismiss under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 54.

## LEGAL STANDARD

When a nonresident defendant files a motion to dismiss for lack of personal jurisdiction, the burden of proof is on the plaintiff as the party seeking to invoke the district court's jurisdiction. *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989). If the court "rules on personal jurisdiction without conducting an evidentiary hearing, the plaintiff bears the burden of establishing only a prima facie case of personal jurisdiction." *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018). Furthermore, on a motion to dismiss for lack of personal jurisdiction, "the court must accept as true all uncontroverted allegations in the complaint and must resolve any factual disputes in favor of the plaintiff." *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 496 (5th Cir. 2012). Although jurisdictional allegations "must be accepted as true, such acceptance does not automatically mean that a prima facie case for [personal] jurisdiction has been presented." *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006).

A federal district court sitting in diversity may exercise personal jurisdiction over a nonresident if: (1) the forum state's long-arm statute confers personal jurisdiction over that nonresident; and (2) the exercise of personal jurisdiction satisfies due process under the United States Constitution. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). "Because Texas's long-arm statute reaches to the constitutional limits, the question [a federal court] must resolve is whether exercising personal jurisdiction over the defendant offends due process." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). Personal jurisdiction can either be satisfied by "general" or "specific" jurisdiction. *Luv n' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). General jurisdiction exists when a defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State*." Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). In determining whether personal jurisdiction exists, a court considers: "(1) whether the defendant has minimum contacts with the

2

forum state, i.e., whether it purposefully directed its activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related activities; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F. 4th 364, 372 (5th Cir. 2024).

## ANALYSIS

Paul Logistics filed its Motion to Dismiss asserting that the Court should dismiss this case under both Rule 12(b)(2) and Rule 12(b)(6). ECF No. 54. Because, as discussed below, the Court finds that it lacks personal jurisdiction over Paul Logistics, the Court will not address the Parties' 12(b)(6) arguments.

The Parties agree that the Court has no general personal jurisdiction over Paul Logistics. The Parties do, however, dispute whether this Court has specific personal jurisdiction over Paul Logistics. Paul Logistics argues that the Court lacks specific jurisdiction over it. ECF No. 54. Specifically, Paul Logistics argues that it did not purposefully avail itself of the State of Texas because: (1) it did not intentionally or knowingly avail itself to Texas; (2) it is an Oklahoma company that brokered a transaction with a Kentucky company; and (3) the present lawsuit arose from a collision that was unrelated to the brokering it did. ECF No. 54 at 16. In response, Plaintiffs argue this Court has jurisdiction because Paul Logistics, in brokering a shipment that went from Mississippi to California, knew the shipment would go through Texas and, thus, purposefully availed itself to Texas. ECF No. 55 at 5–6. Plaintiffs argue the action arose from that contact because the brokering of the transportation is relevant to the causal chain leading to Plaintiffs' injury. *Id.* The Court will address each in turn.

It is well settled that a party must purposefully avail itself of the forum state to be hailed into court. *Sangha*, 882 F.3d at 103. The Court has found, and the Parties have not provided, any binding precedent from this circuit as to whether a broker purposefully availed itself of a state when it brokers a shipment that might pass through that state. Having no binding precedent on point, the Court looks to persuasive opinions for guidance.

3

In support of their argument, Plaintiffs cite a non-binding district court opinion from the Western District of Texas as analogous to the facts before the Court. ECF No. 50 at 11; *Johnson v. Atlas Transp., LLC*, No. 5:23-CV-00471-OLG 2024 WL 5423041 at *1 (W.D. Tex. May 28, 2024). In *Johnson*, a commercial broker company contracted to have cargo shipped from Washington to Texas. *Johnson,* 2024 WL 5423041 at *1. The *Johnson* court held that because the broker contracted with a shipping company that "it knew would result in the shipment trave[ling] to Texas, [it] purposefully availed itself of the benefits and privileges of Texas." *Id.* at *4.

Similarly, courts have held that a broker of a shipment may purposefully avail itself of the benefits of a state if it knew that the shipment would traveling through that venue state. *See Turner v. Syfan Logistics, Inc.*, No. 5:15-cv-81, 2016 WL 1559176, at *5 (W.D. Va. Apr. 18, 2016) (holding the Virginia court had jurisdiction over the broker because the company brokered a shipment knowing it would travel through Virginia based on the load confirmation). In fact, many courts have required some knowledge that the cargo would travel through a state on the broker's end for the broker to have purposefully availed itself to that state. *See Brandi v. Belger Carage Serv. Inc.*, 842 F. Supp. 1337, 1342 (D. Kan. 1994) ("Knowingly arranging for the transport of goods through [a] state" arises to purposeful availment in that state.); *Dixon v. Stone Truck Line, Inc.*, No. 2:19-CV-000945-JCH-GJF, 2020 WL 7079047, at *1, *6–8 (D.N.M. Dec. 3, 2020) (when a shipment was from Texas to California in under three days, which would only be possible by going through New Mexico, the court held that the broker purposefully availed itself of New Mexico); *see also Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1074 (10th Cir. 2008) (seller cannot reasonably have purposefully directed its activities to a forum state absent some foreknowledge the buyer would take goods there).

The Court agrees with the aforementioned cases that a broker cannot be reasonably held to have purposefully availed itself of a state if it did not know the cargo would pass through that state. Applying that principle here, the Court finds that the facts in this case are distinct from those in *Johnson. First*, unlike the broker in *Johnson,* who

4

brokered directly with the company that transported the cargo, Paul Logistics brokered with Defendant Boskurt, on behalf of Paul Transportation, another company. *Second*, the shipment in *Johnson* was traveling from Washington to Texas (the state seeking to assert personal jurisdiction), whereas in this case the shipment was traveling from Mississippi to California and merely passing through Texas. And *third*, there are no allegations in Plaintiffs' Amended Complaint that Paul Logistics knew about or directed the route.

What is more, the collision at the center of this suit was not caused by Paul Logistics' brokering. The Court finds *Hunt v. Just in Time Cargo, Inc.*, to be instructive and on point. No. 1:18-CV-1077-KG-JFR, 2022 WL 35826, *1 (D.N.M. Jan. 4, 2022). *Hunt* involved a fatal truck crash in New Mexico. *Id.* at *9. One of the trucks was transporting a shipment that was traveling through New Mexico but not directed to arrive there. *Id.* The broker who contracted with the trucking company did not direct any activities towards New Mexico or conduct business in New Mexico. *Id.* The court held that because the broker did not direct the route taken, but simply brokered freight delivery from California to New Jersey, it did not purposefully avail itself of New Mexico. *Id.*

Here, despite arguing in their Response that Paul Logistics knew the route that would be taken, Plaintiffs' Second Amended Complaint contains no allegations that Paul Logistics directed or knew the route. *See generally* ECF No. 50. "Plaintiffs cannot amend their complaint by allegations raised in response to a motion to dismiss." *Horton v. M & T Bank*, No. 4:13–CV–525–A, 2013 WL 6172145 *7 (N.D. Tex. Nov. 22, 2013) (McBryde, J.). Nor do Plaintiffs plead that Paul Logistics knew the shipment would travel going through Texas. *See generally* ECF No. 50. Further, Plaintiffs did not plead any facts which would evidence the conclusion that the only route that could have been taken would require the shipment to travel through Texas.[1] *See id.* Rather Plaintiffs pled that Paul Logistics simply brokered with Boskurt for the shipment. Thus, taking Plaintiffs' pleadings as true, this lawsuit does not arise out of any action Paul Logistics directed at Texas. Accordingly, the Court

---

[1] *See, e.g.,* ECF No. 56 at 2.

5

finds that Paul Logistics did not purposefully avail itself to the State of Texas and that the Court therefore lacks personal jurisdiction over Paul Logistics. Therefore, Paul Logistics Motion to Dismiss is **GRANTED.**

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Paul Logistics' Motion. Therefore, Plaintiffs' claims against Paul Logistics are hereby **DISMISSED without prejudice**.

**SO ORDERED** on this **15th day of April 2025.**

*[Signature]*

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE